**Dover WALTERS, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 17691.

United States Court of Appeals
Sixth Circuit.

June 28, 1968.

Ronald W. May, Pikeville, Ky., for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

*O'SULLIVAN, Circuit Judge.*

This case presents the appeal of Dover Walters from a District Court judgment which affirmed the Secretary of Health, Education and Welfare's denial of social security disability benefits to Walters.

Appellant was a Kentucky coal miner with limited education. He testified that on March 1, 1963, at the age of 46, he quit his job as a miner "due to a lung condition and nervous condition." It does not appear that he was then professionally advised of a need to stop working. His testimony was conflicting as to what his own doctor told him on this subject:

"Q. He did not tell you what was wrong with you?

"A. He told me I was disabled to work.

＊　　＊　　＊　　＊　　＊　　＊

"Q. Did he tell you not to go back to work?

"A. No, not the first time I went to him.

\* \* \* \* \* \*

"Q. Now, has he ever told you not to work?

"A. No, he never told me not to work."

He has not tried working or sought employment of any kind since he quit work in 1963. He states that on the day he quit, his "smothering" became so bad that a fellow workman helped him out of the mine on a motorcar and then took him home. He recites that since then he has had intermittent smothering and nervous spells and has various aches and pains.

Appellant apparently goes regularly to a doctor from whom he receives an unidentified medication. In addition to his own testimony as to his difficulties, reports from five doctors were received. None of them sustained appellant's claim that he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," as required by Sections 216(i) (1) and 223(d) (1) of the Social Security Act, 42 U.S.C. §§ 416(i) (1) and 423(d) (1) (1964), as amended, (Supp. Feb. 1968). It was his burden to establish such claim. 42 U.S.C. §§ 416(i) (1) and 423(d) (5) (1964), as amended, (Supp. Feb. 1968). Nelson v. Gardner, 386 F.2d 92, 94 (6th Cir. 1967); Justice v. Gardner, 360 F.2d 998, 1002 (6th Cir. 1966).

A report was received from appellant's own doctor, dated April 18, 1964. In answer to a question as to when Walters' illness began, it gave the year 1940, and as to when applicant (Walters) became unable to work, gave the date March, 1963. He described appellant's "present condition" as "shortness of breath" and said, "X-ray shows chronic emphysema." His diagnosis was "emphysema." He mentioned, without elaboration or assertion of any connected disability, "heart irregular and occasionally misses a beat," and answering the inquiry as to frequency of attacks, put in "has had attacks about every 2 weeks when he is out of medicine." Aside from what could be inferred from the foregoing, the doctor expressed no opinion as to whether appellant could return to mining or was otherwise disabled. Without extensive recitation of their contents, we note that four other medical reports were received, expressing a view that, other than neurotic symptoms, physical examination disclosed no serious impairments. The psychiatric diagnosis of appellant was: psycho-physiologic nervous system reaction in a basically inadequate personality. Such reports and his own evaluation of the evidence led the hearing examiner to conclude:

"Therefore, it is the opinion of the Hearing Examiner, and he so finds, that there is nothing in the record to show the claimant has impairments, either physical or mental, of such severity as to prevent him from resuming his former job or doing many jobs of a similar nature that are within his mental capacities.

"In the light of the entire evidence of record and the foregoing considerations, the Hearing Examiner finds that the claimant has not established that he has impairments, either singly or in combination of such severity as to preclude him from engaging in all forms of substantial gainful activity within his residual capacity at any time for which his application before the Hearing Examiner was effective."

The hearing examiner's decision was affirmed by and became the decision of the Secretary.

 Upon action commenced in the District Court pursuant to 42 U.S.C. § 405(g), the Secretary's decision was affirmed by the District Judge after review of the record and the hearing examiner's findings. The District Court's function, as our own, is limited, except as to errors of law, to determining whether there is substantial evidence in the record supporting the factual findings of the Secretary. 42 U.S.C. § 405(g); Lane v. Gardner, 374 F.2d 612, 616 (6th Cir. 1967). We do not consider

factual issues de novo. King v. Celebrezze, 341 F.2d 108, 109 (6th Cir. 1965); Alsobrooks v. Gardner, 357 F.2d 110, 111 (5th Cir. 1966). In expressing our view that the hearing examiner's conclusion was supported by substantial evidence, we have in mind that since the Secretary's decision denying benefits to appellant, the Social Security Act has been amended, and § 223(d) (3) now reads:

> "For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U. S.C. § 423(d) (3).

The amendment is applicable here, as this is a "civil action * * * commenced under section 205(g) * * * and the decision in such civil action has not become final * * *." Pub.L.No. 90–248, § 158(e) (Jan. 2, 1968).

We cannot fault the examiner for his conclusion that appellant's proofs did not establish disability by the quality of proof now required. It is true that in his opinion the examiner made reference to the absence of "objective" medical findings. Citing our recent case of Whitt v. Gardner, 389 F.2d 906, 909, 910 (6th Cir. 1968), appellant now asserts that the examiner arrived at his conclusion by employing impermissible standards. Considering the examiner's opinion as a whole, we are not persuaded that his conclusion was bottomed upon the absence of *objective* medical findings, and we are satisfied that appellant did not offer, nor did the record contain, evidence that he was suffering from abnormalities that had been demonstrated by "medically acceptable clinical and laboratory diagnostic techniques."

We must frankly admit that our *Whitt* opinion can be read as our conclusion that the recent amendment does not require establishment of "objective" evidence of disability (see 389 F.2d at 910). Reconsideration of *Whitt* is not needed here, however. In the case before us, none of appellant's symptoms which were discovered by "clinical and laboratory diagnostic techniques," such as X-ray disclosure of some degree of emphysema and irregular heart action, were shown to be disabling.

Judgment affirmed.