**Thomas P. OSBORNE, Plaintiff-Appellant,**

v.

**Wilbur COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 18666.**

United States Court of Appeals
Sixth Circuit.

April 9, 1969.

---

**38**

Robert L. Meisburg, Louisville, Ky., for appellant.

Philip Huddleston, Asst. U. S. Atty., Louisville, Ky., for appellee, Ernest W. Rivers, U. S. Atty., Louisville, Ky., on the brief.

Before PHILLIPS, PECK and COMBS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This appeal is from an adverse judgment in an action brought by appellant under § 205(g) of the Social Security Act [42 U.S.C. § 405(g)] to review a decision of the Secretary denying appellant's application for disability benefits under §§ 216(i) and 223 of the Act on the basis of a claimed appropriate period of disability. [42 U.S.C. §§ 416(i) and 423.]

Appellant filed similar applications for various foot injuries in 1958, 1962 and 1964, which were denied at the administrative level.

In his present application on review, appellant was initially found by the hearing examiner to be entitled to a period of disability from October 1962, and to disability benefits from September 1965. The District Court upheld the Appeals Council's reversal of the hearing examiner. This Court is bound by the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g); Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968).

At the time of his application, appellant was over 50 years old, with at least an eighth grade education. His primary modes of livelihood before the injuries to his legs (and the related complications that led to his impairment) involved work as a steeplejack, a ranch worker and a railroad laborer. Further difficulties arose because of his addiction to alcohol.

Section 216(i) of the Act declares that:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." [42 U.S.C. § 416(i).]

Appellant had the burden of proving disability within the meaning of this statute. Nelson v. Gardner, 386 F.2d 92 (6th Cir. 1967). The Secretary was unable to find from the evidence produced that impairment involving either of appellant's legs or feet was disabling. The evidence showed that his injuries had been remedied by surgery and rehabilitative procedures and that they would not preclude him from engaging in substantial gainful activity.

■ With regard to the claimant's chronic alcoholism, we first observe that appellant not only did not bear the burden of establishing it to have been disabling, but in fact did not even make a contention to that effect. However, since evidence of alcoholism was received we comment on it. A doctor testified that the affliction was not so deep-seated as to be irremediable, that the claimant was not psychotic, and that the only bar to recovery was claimant's lack of motivation and cooperation. The Social Security Administration Regulations, Section 404.1519(c) (2) (iii) states:

> "Personality disorders are characterized by patterns of socially unacceptable behavior, such as chronic alcoholism * * *. In the absence of an associated severe * * * psychosis, a personality disorder does not in itself result in inability to engage in substantial gainful activity." [20 CFR § 404.1519.]

We are of the opinion that there was substantial evidence supporting the Secretary's finding that the appellant was capable of engaging in substantial gainful work.

One other issue raised by the appellant merits comment. He argues that since he established his inability to work at his usual occupations, the burden was on the Secretary to adduce evidence that the claimant was able to do other work of a substantial gainful nature and that such job opportunities existed in the national economy. 42 U.S.C. § 423(d) (2) (A), as amended; see May v. Gardner, 362 F.2d 616 (6th Cir. 1966). The vocational expert testified that claimant was capable of performing benchwork or sedentary work, primarily manipulative in nature, and he presented a list of such jobs available to a man of his education, experience and physical ability at specific companies in claimant's locality. The vocational expert further noted that some of the positions listed by him were presently being performed by people with even less education, experience and residual physical ability than the claimant.

■ The test under the 1968 amendment to Section 223 of the Act is whether such work exists in the national economy, and that is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d) (2) (A). The amendment broadens the test used by the Secretary here, but as shown, it is clear that substantial gainful work was available for the claimant.

The finding of the Secretary adverse to appellant's claim of disability is supported by substantial evidence in the record, and the judgment of the District Court is affirmed.

COMBS, Circuit Judge (dissenting).

I respectfully dissent. Osborne has a long history of injuries, illnesses, and hospitalizations, including treatment at some ten Veterans Administration Hospitals and Clinics. He has been treated for concussion of the brain, compound fractures of the left tibia and fibula, subtalar arthritis of the right foot on which surgery was performed, thrombophlebitis, osteomyelitis, post-traumatic arthritis of the right foot, intoxication of undetermined type, accessory scaphoids and osteoporosis of the left foot, flat feet, chronic alcoholism, and chronic emphysema.

Both the Hearing Examiner and the Appeals Council observed that Osborne is a chronic alcoholic. His medical history shows the use of alcohol since the

age of nine; it has been a problem for at least twenty years, during which time drinking sprees have lasted for six months or more and on several occasions have been accompanied by delirium tremens and blackouts. Osborne admitted a hundred arrests for drinking.

Although there is disagreement as to whether chronic alcoholism is an illness itself or a symptom of an underlying emotional disorder, it is medically accepted that chronic alcoholism is a disease and a proper subject for medical treatment. Guttmacher, The Role of Psychiatry in Law 52 (1968); Jellinek, Disease Concept of Alcoholism (1960); American Medical Association: Report of Reference Committee on Medical Education and Hospitals, 162 J.A.M.A. 82 (1956); Diethelm, Etiology of Chronic Alcoholism (1955). Also see Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), [criminal responsibility of a chronic alcoholic]. From a medical standpoint, chronic alcoholism in many cases is a physical or mental impairment sufficient to prevent the alcoholic from pursuing a gainful occupation. That Osborne's addiction may be remedial eventually is not decisive. For the purpose of determining disability we must take a man as we find him.

Assuming, however, that chronic alcoholism, absent a severe psychoneurosis or psychosis, does not result in disability within the meaning of the Social Security Act, 20 CFR § 404.1519, Osborne's claim of disability is nevertheless meritorious. His addiction to alcohol is only one of several impairments which have contributed to his disability. The vocational expert admitted that Osborne could not return to his former work due to the injuries to his feet and legs. He was of the opinion, however, that he had the physical ability to perform certain enumerated sedentary or bench tasks. But once it is admitted that Osborne can no longer do his former work, then such factors as his age, education, work experience, and ability to adapt become important in determining whether he can perform another type of substantial gainful work. 42 U.S.C. § 423(d) (2).

Certainly, chronic alcoholism is a handicap in obtaining or holding a job. So, we have this picture: Osborne is a chronic alcoholic over fifty years old with only an eighth grade education. His prior work experience has been of a manual and, for the most part, unskilled nature; he is now unable to do this type of work because of physical disabilities. I think this man is unable to engage in any substantial gainful activity within the meaning of the Social Security Act.