**Marian J. BENNETT et al., Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 7517.**

United States District Court, S. D. Ohio, W. D.

Oct. 12, 1971.

Eugene Purdy, Cincinnati, Ohio, for plaintiff.

Norbert A. Nadel, 1st Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

HOGAN, District Judge.

█ This Social Security case presents a very specific question of law regarding the interpretation of a statute covering survivor's benefits. The Hearing Examiner and Appeals Council both held adversely to plaintiff's contention, and she has appealed to this Court for a review of those determinations. Since there is no factual dispute, our review is directed only to the correctness of the government's interpretation of the applicable statute.

The plaintiff is the widow of Reverend A. Paul Bennett, who died in a plane crash on August 25, 1965. The decedent was ordained in March 1952 and had annual net earnings from self-employment of $400.00 or more during the years in question. During his lifetime, decedent filed neither a waiver certificate (Form 2031) [indicating an election to participate in the Social Security program], nor a tax return which reported his ministerial earnings as self-employment income. On October 6, 1965 his widow filed a waiver certificate (Form 2031) on behalf of her deceased husband, and subsequently filed a self-employment tax return for that year. On April 13, 1967, in her capacity as executrix of decedent's estate, she filed another waiver certificate for the years 1955–1965. At approximately the same time she submitted amended tax returns for those years, reporting decedent's income as self-employment income, and paid the tax thereon. On September 16, 1968, she requested an increase in benefits based on these filings.

After a conference it was agreed that the Internal Revenue Service refund the payments for the years 1955–1962, which had accompanied the amended returns for those years. However, it did accept the amended taxes and waiver certificate for the years 1963–1965. (Tr. 103, 104.) The basis for this determination is noted in the District Conference Report. (Tr. 103.) Simply stated, it was allowed because " . . . At the time the amended returns were filed the minimum statute of limitations for years 1963 and 1964 was still open. Under Sec. 6903(a) IRC the widow as fiduciary had the power and duty to file the 1965 return. In addition she had the right to amend the 1963 and 1964 returns under the joint return provisions. In doing so, self-employment income was reported and the applicable tax was paid." (Tr. 103.)

Subsequently, the Social Security Administration became aware of this decision, and requested an interpretation from the Director of the Income Tax Division of the Internal Revenue Service in Washington, D.C. (Tr. 105.) The Washington response agreed with that subscribed to by the Social Security Administration and the earnings credited (for Social Security purposes) for the years 1963–1965 were deleted. A reconsideration of this action was sought, but the initial determination was affirmed. Thereafter a hearing was requested, and on December 5, 1969, was so held. The Hearing Examiner's decision in effect affirmed those previously made, and the Appeals Council affirmed the Hearing Examiner.

On review, we must determine whether the filing of the waiver certificate by the wife of a decedent was invalid because, during his lifetime, the decedent had not filed tax returns which reported the earnings of his ministry as self-employment income.

Under the Social Security laws, self-employed persons are entitled to the same benefits as are wage earners. The methods of contribution for both the self-employed person and wage earner is through the payment of taxes. Prior to 1967, a minister had the option of contributing to the Social Security fund, or of abstaining. If he wanted to be included, he had to take affirmative action by filing a certificate of waiver (Form 2031) and paying the additional tax applicable to Social Security. The filing of this Form 2031 merely meant that the minister waived the otherwise automatic exemption from coverage and elected to contribute. (After 1967 coverage was automatic unless an application to the contrary was filed.) Contributions for Social Security coverage were then based on the individual's "self-employment income."

The statutory framework of this procedure during the years in question is as follows:

Under the applicable law, the tax paid on "self-employment income" was based on the "net earnings from self-employment." This figure was in turn defined in terms of income derived from an individual's "trade or business." (42 U.S.C. § 411(a), (b), (c).) To determine what income came from a "trade or business" the Social Security Act referred to the Internal Revenue Code of 1954, Section 162, but specifically exempted from inclusion under "trade or business" income derived from the services of a duly ordained minister. The proviso, concluding Section 411(c), made it possible for this automatic exemption to be waived by filing a certificate under § 1402(e) of the Internal Revenue Code. Title 26 U.S.C. § 1402(e) provided in part:

"(e) Ministers, members of religious orders, and Christian Science practitioners.—

"(1) Waiver certificate.—Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church * * * may file a certificate (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) certifying that he elects to have the insurance system established by title II of the Social Security Act extended to service described

in subsection (c) (4) or (c) (5) [service by a duly ordained, or licensed minister of a church in the exercise of his ministry] performed by him."

From reading this section it is clear that an individual falling under the definition of a duly ordained minister could file the certificate waiving the exemption. It is also clear that under Section 1402(e) (5), a survivor could file the certificate under certain circumstances.

Title 26 U.S.C. § 1402(e) (5) reads in part:

"(5) Optional provision for certain certificates filed on or before April 15, 1967.—Notwithstanding any other provision of this section, in any case where an individual has derived earnings in any taxable year ending after 1954 from the performance of service described in subsection (c) (4), or in subsection (c) (5) insofar as it related to the performance of service by an individual in the exercise of his profession as a Christian Science practitioner, *and has reported such earnings as self-employment income* on a return filed on or before the due date prescribed for filing such return

\* \* \*

"(B) a certificate filed after the date of enactment of the Social Security Amendments of 1965 and on or before April 15, 1967, by a *survivor* \* \* \* *of such an individual* who died on or before April 15, 1966, may be effective, at the election of the person filing such a certificate, for the first taxable year ending after 1954 for which such a return was filed and for all succeeding years, \* \* \*"

The plaintiff believes that the latter provision is applicable to her, and that by filing the amended income tax returns and certificate, she is qualified to receive increased benefits. The government contends that, even though she could technically fit within the language of the statute, Section 1402(e) (5) contemplates the filing of self-employment returns by the individual who earned the income, and an amendment, by a fiduciary after death of the taxpayer, to a tax return originally filed by the now decedent taxpayer, is outside the scope of this relief provision of the statute.

■ Ordinarily we review the examiner's findings to see if there is substantial evidence on which to support his conclusions. Where the question is purely legal, however, we are not bound by the same strict standard. Walters v. Gardner, 397 F.2d 89, 90 (6th Cir. 1968); Branham v. Gardner, 383 F.2d 614 (6th Cir. 1967). In this instance we are presented with the legal question of whether or not a particular Internal Revenue section contemplated the plaintiff's factual situation. Although we are not unmindful of the liberal approach which is desirable in Social Security cases, the facts in this case lead us to affirm the examiner's conclusion denying increased benefits.

■■ Our reasons for this determination are several. First, from reading the relevant section [26 U.S.C. § 1402(e) (5)] itself, it is apparent that its purpose was other than to provide post-death relief in the situation presented by this plaintiff. It is clear from the language alone that a pre-death self-employment tax return by the taxpayer himself was envisioned before the survivor could be eligible to file a certificate of waiver. This intention is amplified from reading the Congressional history [Senate Report No. 404 Part I, 89th Cong. 1st Sess., 1965 p. 118] which expressly sets forth the purpose of the section relied on by the plaintiff. Further, logic dictates that an insurance program, even as beneficent as Social Security, could not operate under the design advocated here. Thus, we cannot avoid the conclusion that interpretation sought by the plaintiff should not prevail.

■ Even if we were not completely convinced as to the correctness of our position, the administrative interpretation of the applicable sections, by two agencies involved with the implementa-

tion of those sections, is highly persuasive. As noted above, our standard of review in cases of this nature is not based on substantial evidence, because it is a purely legal question. Walters v. Gardner, supra. However, weight should be given to an administrative statutory interpretation when it is made in the course of that agency's function. Bernstein v. Ribicoff, 299 F.2d 248, 253 (3rd Cir. 1962); Jackson v. Dept. of Public Welfare of Florida, 317 F.Supp. 1151, 1160 (M.D.Fla.1970), and we note that here two administrative agencies have concurred in the interpretation sought by the government.

The decision of the Secretary is affirmed. It is so ordered.