779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEROY STONER, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5078
 United States Court of Appeals, Sixth Circuit.
 10/21/85
 
 REVERSED AND REMANDED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: MERRITT, MARTIN and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Leroy Stoner appeals the District Court judgment affirming the finding of the Administrative Law Judge ('ALJ') that he does not suffer from a severe impairment or combination of impairments which significantly limit his ability to perform basic work-related functions. Appellant alleges disability from chronic obstructive pulmonary disease (COPD), diabetes mellitus, hypertension and cardiomegaly. For the reasons given below we reverse the judgment of the District Court and remand with instructions to remand to the Secretary for further proceedings consistent with this opinion.
 
 
 2
 Mr. Stoner is sixty-three years old and illiterate. His relevant work experience is limited to heavy, unskilled manual labor jobs. Most recently, he was employed by the Dyer County Co-op ('Dyer'). The job at Dyer required Stoner to haul feed and fertilizer, load and unload various farm materials and carry sacks of feed and fertilizer weighing as much as 100 pounds. The job involved frequent walking, bending and lifting. Stoner was laid off from Dyer in July of 1981 because he could no longer perform this work.
 
 
 3
 In May, 1982 Stoner applied for disability insurance benefits and Supplemental Security Income. Both applications were denied. After his Request for Reconsideration was also denied Stoner had a hearing before Administrative Law Judge Lyle Williams. At the hearing Stoner testified he experiences shortness of breath, dizziness, chest pains and temporary blindness when he bends or walks short distances without resting.
 
 
 4
 The record reveals that Stoner was examined by a total of four doctors. Three of them treated him for varying periods of time and the fourth, Dr. Saul Siegel, examined him once at the request of the Social Security Administration (SSA).
 
 
 5
 The first three--Drs. Thornton, White and McIntosh--all noted that appellant was suffering from shortness of breath which is, apparently, the most common symptom of COPD. Dr. McIntosh specifically diagnosed COPD, diabetes and cardiomegaly. Dr. White diagnosed diabetes and Dr. Thornton noted that Stoner complained of stomach and side pains and shortness of breath as early as 1978.
 
 
 6
 Dr. Siegel, who examined Stoner at the request of SSA, reported that his diabetes and blood pressure were well controlled and that he was not suffering from any other disorder.
 
 
 7
 In March, 1983, Judge Williams issued a decision in which he concluded that Stoner does 'not have any impairment(s) which significantly limits his physical or mental ability to do basic work activity.' (A. 10) After the District Court affirmed the ALJ, Stoner filed a timely appeal with this Court.
 
 I.
 
 8
 Our scope of review in social security disability cases is limited to determining whether the Secretary's findings as to any fact are supported by 'substantial evidence.' 42 U.S.C. Sec. 405(g). The Supreme Court has said that substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Each of the ALJ's findings with respect to functional capacity, age, education and work must be based on substantial evidence. Wages v. Secretary of Health and Human Services, 755 F.2d 495, 497 (6th Cir. 1985). And, the entire record is considered in determining whether substantial evidence exists. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978).
 
 II.
 
 9
 Appellant first contends the ALJ erred in concluding he was not disabled because there is no substantial evidence to support this conclusion. Appellant also argues that the ALJ failed to provide a full and fair hearing and to develop a complete record. Because, based on our review of the record, we agree that the ALJ's conclusion is not supported by substantial evidence and reverse on this ground, we need not reach this second issue.
 
 
 10
 To be eligible for disability insurance benefits, Stoner must demonstrate that he is disabled. The Secretary has established Regulations No. 4 and 16 (20 CFR 404.1520(a) and 416.920(a)) which require that a disability claim be considered in a step-by-step analysis.[1] If at any step it is determined that a claimant is not disabled the next step is never reached. ALJ Williams stopped at Step 2 after he determined that Stoner did not have a 'severe impairment.'
 
 
 11
 The record clearly demonstrates that appellant met his burden of proving a severe impairment. In Salmi v. Secretary of HHS, (No. 85-1073)[2] we stated that 'an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.' (at 12) Stoner clearly demonstrated that his combination of impairments affects his ability to work. In his opinion the ALJ did not mention Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). ?? report and conclusions of Dr. McIntosh who treated Stoner for over one year. Dr. McIntosh diagnosed him as suffering from diabetes mellitus, COPD, and cardiomegaly. Dr. McIntosh ?? Stoner's shortness of breath and concluded 'Leroy Stoner ?? unable to do any work at all.' Dr. McIntosh also reported that Stoner's shortness of breath problem was so severe that he could not lie flat or walk one block without becoming very short of breath. In spite of these findings, the ALJ relied on the report of Dr. Siegel who, although he was ?? of Dr. McIntosh's diagnosis, conducted no tests which would confirm or deny the COPD condition.
 
 
 12
 The rule in this circuit is that reports of treating physicians are accorded more weight than 'reports of physicians employed and paid by the government for the purpose of defending against a disability claim.' Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981). Had Dr. Siegel in fact tested Stoner for COPD we might conclude that he properly credited Dr. Siegel's findings over those of Dr. McIntosh. In the absence of such a test, however, we cannot so conclude.
 
 
 13
 Evidence of Stoner's acute shortness of breath appears in the reports of all three of his treating physicians. Dr. Siegel's report does not constitute substantial evidence that Stoner was not disabled.
 
 
 14
 In his decision the ALJ states that he relied on 'the medical facts alone.' This was error. Subjective complaints of pain are entitled to substantial weight in addition to the medical evidence. Whitt v. Gardner, 389 F.2d 906 (6th Cir. 1968). Stoner's complaints of pain and discomfort were substantiated by the testimony of his wife. indeed, the Secretary's own claims examiner noted Stoner's shortness of breath on his application when he came in for an interview. Stoner's symptoms are consistent with his primary claim of COPD and are uncontradicted by Dr. Siegel's findings.
 
 
 15
 With respect to his other complaints, the Secretary argues that Stoner's diabetes and high blood pressure are controllable conditions and cannot serve as the basis for a disability finding. While it is true that a controllable condition may not be the basis for finding a disability, (Osborne v. Cohen, 409 F.2d 37 (6th Cir. 1969)), it is also true that a combination of distinct impairments may be disabling where one, standing alone, might not be.[3] The record amply supports Stoner's contention that his shortness of breath, in combination with his other impairments, placed a significant limitation on his work activity.
 
 
 16
 Finally, the Secretary suggests that Stoner's application for benefits is an attempt to obtain disability insurance in lieu of unemployment compensation following his lay-off from Dyer. This is wholly unsupported by the record. Stoner applied for benefits in May of 1982--almost one year after his lay-off.
 
 
 17
 The ALJ failed to credit Stoner's strong medical and subjective evidence. We believe Stoner met his burden of demonstrating that he suffers from a severe impairment. Thus, the burden has shifted to the Secretary to determine whether Stoner could perform any work using the medical vocational quidelines commonly known as the 'grid.' (20 C.F.R., part 404, Subpart P, App. 1.) We remand for this determination.
 
 
 
 [1]
 '1. Is the claimant currently engaged in substantial gainful activity?' If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. Sec. 404.1520(b); 20 C.F.R. Sec. 416.920(b)
 
 
 [2]
 Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. Sec. 404.1508; 20 C.F.R. Sec. 416.908
 
 
 [3]
 Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. Secs. 404.1520(c), 404.1521; 20 C.F.R. Secs. 416.920(c), 416.921
 
 
 [4]
 Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. Secs. 404.1509; 20 C.F.R. Sec. 416.909
 
 
 [5]
 Does the claimant have any impairment or combination of impairments meeting or equalling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. Secs. 404.1520(d), 404.1526(a); 20 C.F.R. Secs. 416.920(d), 416.926(a)
 
 
 [6]
 Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to Step 7. See 20 C.F.R. Sec. 404.1520(e); 20 C.F.R. Sec. 416.920(e)
 
 
 [7]
 Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. If no, the claimant is disabled. See 20 C.F.R. Secs. 404.1505(a), 404.1520(f)(1); 20 C.F.R. Secs. 416.905(a), 416.920(f)(1).'
 
 
 [2]
 Opinion is still in proposed draft form. Page references are to proposed opinion
 
 
 [3]
 20 CFR Sec. 404.1523 ('multiple impairments') states in pertinent part:
 In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.
 See also, Stewart v. Heckler, 730 F.2d 1065 (6th Cir. 1984) (high blood pressure controlled only in stress-free, non-work environment sufficient for finding of disability).