787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELSIE L. EVANS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1429
 United States Court of Appeals, Sixth Circuit.
 3/3/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chief Judge; CONTIE, Circuit Judge; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Elsie L. Evans appeals from the District Court's Order accepting a United States Magistrate's recommendation of summary judgment in favor of the defendant Secretary in this Social Security case seeking widow's insurance benefits.
 
 I.
 
 2
 Plaintiff filed an application for widow's insurance benefits pursuant to 5 U.S.C. Secs. 402(e) and 423 in Knoxville, Tennessee on January 23, 1981. Her application was denied on February 19, 1981. A subsequent request for reconsideration was also denied. On June 23, 1981 plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ). After filing this request plaintiff moved to Michigan, and the proceeding was transferred to Michigan.
 
 
 3
 On January 19, 1982 an ALJ in Lansing, Michigan conducted a hearing on plaintiff's claim and found that plaintiff had the following impairments: status post right modified radical mastectomy; obesity; diabetes mellitus; hypertension; and thyroid deficiency; however, the ALJ also found that none of these conditions were of the severity specified in the Listing of Impairments (Appendix I to Subpart P of Part 404 of Title 20, C.F.R.).
 
 
 4
 The ALJ then went on to 'evaluate all of those impairments together to see if they medically [were] the equivalent to any listed impairments' and found that '[t]he totality of the claimant's impairments in this case . . . appear to leave her with the residual functional capacity to perform substantial gainful activity at the light exertional level.'
 
 The ALJ concluded:
 
 5
 Since none of the claimant's impairments are listed in the Secretary's Listing, nor is the combination of her impairments medically the equivalent to a listed impairment, she cannot be found disabled for widow's benefits purposes. Accordingly, her claim is denied.
 
 
 6
 Based on the evidence presented at the hearing the ALJ found, with respect to the breast cancer, that plaintiff had no problems post-operatively. As to plaintiff's obesity, the ALJ found that her maximum weight had been 238 1/4 pounds. Section 10.10 of the Secretary's Listings dealing with obesity requires a female five foot two inches in height to weigh 242 pounds before further evaluation. Accordingly, the ALJ found plaintiff did not meet the obesity listing.
 
 
 7
 The ALJ found plaintiff's diabetes to be under control with oral medication. He also found no evidence of any conditions required under Section 9.08 dealing with diabetes which would allow a determination of disability.
 
 
 8
 Plaintiff's hypertension was found not to approach listing levels of severity since hypertension in association with other disease processes requires diastolic blood pressure persistently in excess of 100 mm. of mercury, and the record contained only two such readings which were taken 16 months apart.
 
 
 9
 As for plaintiff's alleged thyroid and arthritis difficulties, the ALJ found no medical evidence of any degree of arthritis and no evidence of any impairment based on the thyroid condition.
 
 
 10
 Finally, the ALJ found, based on two consultative examiners' reports, that plaintiff had 'the residual functional capacity to perform substantial gainful activity at the light exertional level.'
 
 
 11
 The appeals Council denied review, and on April 13, 1983 plaintiff filed her Complaint for review of the Secretary's decision. Before the Secretary filed an answer the parties stipulated to an order remanding the case for further administrative review. The plaintiff then submitted additional medical evidence: a report of her treating physician, and a record of her hospitalization at a community health center from January 5-8, 1983. The treating physician's report stated that two bone scans revealed that plaintiff's breast cancer had metastasized to her rib cage and spine. Such a finding would have met a listed impairment. (Sec. 13.09 of App. I.). However, the health center report revealed no evidence of a metastatic disease, and the Appeals Council concluded that plaintiff did not meet the requirements of an impairment for cancer. The Appeals Council denied benefits, and the action was reinstated on the District Court's docket.
 
 
 12
 On April 8, 1985 a United States Magistrate recommended that the court grant summary judgment for the defendant Secretary. The Report and Recommendation was served on the parties by mail on April 10. The district court entered an Order accepting the Report and granted summary judgment to the Secretary on April 25. The Order noted that neither party had objected to the Magistrate's Report.[1] On April 26, after the district court had entered summary judgment for the Secretary, plaintiff filed Objections to the Magistrate's Report and Recommendation. Plaintiff then filed a timely Notice of Appeal.
 
 II.
 A.
 
 13
 We must first decide whether appellant Evans waived her right to appeal due to her failure to timely file objections to the Magistrate's Report and Recommendation.
 
 
 14
 The Federal Magistrate's Act, 28 U.S.C. Sec. 631 et seq. provides, with respect to objections to Magistrates' proposed findings and rec mmendations:
 
 
 15
 Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
 
 
 16
 In United States v. Walters, 638 F.2d 947 (6th Cir. 1981), we stated:
 
 
 17
 The permissive language of 28 U.S.C. Sec. 636 suggests that a party's failure to file objections is not a waiver of appellate review. However, the fundamental congressional policy underlying the Magistrate's Act--to improve access to the federal courts and aid the efficient administration of justice--is best served by our holding that a party shall file objections with the district court or else waive right to appeal. Id., at 949-950. (Footnote omitted).
 
 
 18
 In Walters no objections were ever filed. However, in Patterson v. Mintzes, 717 F.2d 284 (6th Cir. 1983), objections were filed on the twelfth day following the appellant's receipt of the magistrate's report. There, where the district court considered the objections and pronounced in its judgment that the untimely written exceptions had been considered together with the Magistrate's Report and Recommendation, we held: (1) that the appellant had not waived his right to appeal where the untimely objections were considered by the district court; (2) a magistrate's order to file written objections within ten days is an 'order of the court' subject to extension by the district court; (3) a district court is authorized to extend the ten day period within which written objections to a Magistrate's Report and Recommendation must be filed. Id., at 286-287.
 
 
 19
 Patterson may be distinguished from the case sub judice in that here the objections were not filed until after the district court pronounced its judgment, and they were not considered by the district court. Also, the district court never attempted to or purported to extend the ten-day limit. Its Order noted that neither party had filed written objections to the Magistrate's Report and Recommendation.
 
 
 20
 Accordingly, we hold that Evans waived her right to appeal due to her failure to timely file objections to the Magistrate's Report and Recommendation.
 
 B.
 
 21
 Alternatively, were we to hold that appellant has not waived her right to appeal, we would affirm the grant of summary judgment in favor of the Secretary for the following reasons.
 
 
 22
 The Listing of Impairments provided in the Social Security regulations (App. I to Subpart P of Part 404 of Title 20, C.F.R.) applies to widows. Additionally, with respect to widows, 42 U.S.C. Sec. 423 provides:
 
 
 23
 (d) Disability
 
 
 24
 (1) The term 'disability means----
 
 
 25
 (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;
 
 
 26
 * * *
 
 
 27
 * * *
 
 
 28
 (2) For purposes of paragraph (1)(A)----
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 (B) A widow, surviving divorced wife, widower, or surviving divorced husband shall not be determined to be under a disability (for purposes of section 402(e) of (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.
 
 
 32
 The ALJ compared all of appellant's impairments to the Listing and concluded that none of appellant's 'impairments [were] of a level of severity which . . . is deemed to be sufficient to preclude an individual from engaging in any gainful activity.' Also, the ALJ considered all of appellant's impairments together and in light of two consultative examiners' reports found appellant to have 'the residual functional capacity to perform substantial gainful activity at the light exertional level.'
 
 
 33
 There was conflicting evidence concerning whether or not appellant's breast cancer had metastasized to her rib cage and spine. Where there is a conflict in medical evidence it is the Secretary's duty to weigh the evidence and resolve any such conflict. Sample v. Schweiker, 694 F.2d 639 (9th Cir. 1982); Janka v. Secretary of Health, Education and Welfare, 589 F.2d 365 (8th Cir. 1978).
 
 
 34
 It is well-established that in reviewing a decision of the Secretary denying Social Security benefits it is our duty to determine if there is substantial evidence to support the Secretary's decision. See e.g., Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967); Osborne v. Cohen, 409 F.2d 37 (6th Cir. 1969); Wakojance v. Weinberger, 513 F.2d 210 (6th Cir. 1975), cert. denied, 423 U.S. 856 (1975).
 
 
 35
 'Substantial evidence' is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Combs v. Gardner, 382 F.2d 949 (6th Cir. 1967); Miracle v. Celebrezze, 351 F.2d 361 (6th Cir. 1965).
 
 
 36
 Since none of appellant's various conditions, even as alleged and proved by appellant, were sufficient individually to require a finding of disability pursuant to the Listing of Impairments, the question becomes whether there was substantial evidence to support the ALJ's finding that despite appellant's collective impairments she still had residual function capacity to perform substantial gainful activity at the light exertional level.
 
 
 37
 We believe the two reports concluding, respectively, that appellant could do 'light desk work' and 'light physical activities on a sustained basis' is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion that appellant had residual function capacity to perform substantial gainful activity at the light exertional level.
 
 
 38
 Accordingly, the judgment of the United States District Court for the Eastern District of Michigan, Southern Division, granting summary judgment in favor of the defendant-appellee Secretary is AFFIRMED.
 
 
 
 [1]
 On April 22, 1985 plaintiff attempted to file 'Objections to the Magistrate's Report,' but they were returned because they had not been submitted in duplicate