812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janice L. POSEY, Plaintiff-Appellant,
v.
Margaret HECKLER, Defendant-Appellee.
 No. 85-5410.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1987.
 
 Before MARTIN and GUY, Circuit Judges, and REED*, District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Posey appeals from the denial of her application for social security disability benefits. Plaintiff claimed disability commencing September 7, 1982, as a result of back difficulties. This claim was denied and no request for reconsideration was filed on this claim. The plaintiff filed a new claim on June 14, 1983, which was denied on August 29, 1983. On reconsideration, the June 14, 1983, claim was again denied. After a hearing at which she was represented by counsel, her claim was denied by an administrative law judge (ALJ) on May 22, 1984, holding that plaintiff could perform sedentary work. The appeals council permitted the ALJ's decision to stand as the final decision of the Secretary. Pursuant to 42 U.S.C. Sec. 405(g), the plaintiff appealed to the district court which granted the Secretary's motion for judgment on the pleadings and upheld the ALJ's decision.
 
 
 2
 Upon review, we find that this action must be remanded to the Secretary for further consideration in light of this Court's recent pronouncement on the obesity issue found in Johnson v. Secretary of Health and Human Services, --- F.2d ---- (6th Cir. July 7, 1986).
 
 
 3
 On appeal, Posey raises two issues: (1) whether the Secretary's decision that the plaintiff could perform the full range of sedentary work was based on substantial evidence; and (2) whether the Secretary's decision that the plaintiff failed to follow prescribed treatment was based on substantial evidence.
 
 
 4
 At the time of the hearing before the ALJ in 1984, the plaintiff was a 34-year-old, 295-pound female who had worked four and one-half years part-time and four and one-half years full-time as a cook and clerk in a fast food restaurant. She last worked in September 1982.
 
 
 5
 The plaintiff had back surgery for removal of part of a disc in 1975 before going to work in the restaurant. She worked after the healing process was complete until March 1982, at which time she began to experience pain in her back worse than it had been immediately prior to her surgery. Back surgery was again performed and particles of her disc were removed from her back. In addition to the plaintiff's back complications and her chronic obesity, plaintiff also suffers from high blood pressure and diabetes, the latter of which the ALJ found to be controllable.
 
 The Hearing Evidence:
 
 6
 At the hearing, plaintiff was examined by both her own attorney and the ALJ. The plaintiff described her past medical problems, including her back complications, high blood pressure, diabetes and vertigo. The plaintiff also discussed her life-long obesity, stating that she has weighed more than two hundred pounds since she was 18 years old. In addition, plaintiff's husband also testified concerning plaintiff's back problems, dizziness and pain.
 
 The Medical Evidence:
 
 7
 The evidence before the ALJ principally consisted of the reports of a board-certified orthopedic surgeon, Dr. Thomas W. Currey and of an internist, Dr. Charles D. Kennedy. These doctors' extensive notes and reports outline the plaintiff's medical history quite thoroughly. It is clear from the doctors' notes that they recommended that the plaintiff lose weight in order to help her health problems.
 
 
 8
 The ALJ concluded that there was no excuse for the plaintiff's failure to lose weight, and he also found that her multiple problems would be aided by weight reduction. In affirming the decision of the Secretary (finding that the plaintiff had failed to carry her burden of proof), the district judge, at page 18 of his opinion, was disturbed by the fact that the plaintiff's various complaints were exacerbated, if not caused, by her "exogenous obesity." The plaintiff argues that the record lacked substantial evidence to establish that weight loss would enable the plaintiff to perform the full range of sedentary work.
 
 
 9
 In addition to affirming the ALJ's decision, the district judge also found that the plaintiff had failed to follow her physician's prescribed treatment of weight reduction, and accordingly he found her not to be disabled. The plaintiff argues that weight loss was merely a recommendation, not a prescribed treatment, and thus there is no substantial evidence to support the Secretary's decision.
 
 
 10
 The function of an appellate court in judicial review of the Secretary's decision is limited, except for errors of law, to determining whether the Secretary's decision is supported by substantial evidence. Walters v. Gardner, 397 F.2d 89, 90 (6th Cir.1968). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). It is the Secretary's responsibility to resolve issues of fact; and while a court might reach a different conclusion on the same evidence, it is without power to do so. Myers v. Richardson, 471 F.2d 1265, 1268 (6th Cir.1972).
 
 
 11
 This Court, in the case of Johnson v. Secretary of Health and Human Services, supra, recently addressed the issue of whether the mere possibility of losing weight automatically renders a claimant ineligible when claiming a disability based upon obesity. In Johnson, the Court had an issue of first impression regarding whether obesity can be a disability impairment under the Social Security regulations. After reviewing the language of 20 C.F.R. Pt. 404, Subpart P, App. 1, Sec. 10.10, and its promulgative history, this Court concluded that obesity is a condition that can support a finding of disability.
 
 
 12
 Since this Court has conclusively held that obesity is a condition that can support a finding of disability, the question in this case, like in Johnson, becomes the effect of a claimant's failure to lose weight once it is prescribed as a treatment for the obesity. Section 404.1530, Need to follow prescribed treatment, provides as follows:
 
 
 13
 (a) What treatment you must follow. In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.
 
 
 14
 (b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled....
 
 
 15
 In the case at bar, the district judge, in addition to affirming the ALJ's decision, also found that the plaintiff had failed to follow her physician's prescribed treatment of weight reduction, and accordingly he found her not to be disabled. However, as this Court stated in Johnson,
 
 
 16
 It would not make sense for the regulatory scheme to include a specific regulation on obesity if a general regulation on treatment could entirely negate it, and we must attempt to construe the regulations so that they make sense. It is also a well established rule of construction that a later, more specific, provision must prevail over an earlier, more general provision if there appears to be a conflict. Few if any claimants could satisfy section 10.10 if the mere possibility of losing weight, however remote or theoretical, could render the claimant ineligible.
 
 
 17
 (Slip opinion, No. 84-1223, at p. 13).
 
 
 18
 Furthermore, this Court has held that physicians' recommendations to lose weight do not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake treatment. Harris v. Heckler, 756 F.2d 431, 436, n. 2 (6th Cir.1985).
 
 
 19
 In light of the Court's pronouncements in Johnson, we REVERSE the judgment of the district court and direct the district court to REMAND this case to the Secretary for further consideration in accordance with the views expressed in Johnson and in this opinion.
 
 
 
 *
 Hon. Scott Reed, District Judge, Eastern District of Kentucky, sitting by designation