Pedro J. **FRANQUI**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE**, Defendant.

**Civ. No. 337–70.**

United States District Court,
D. Puerto Rico.

May 5, 1971.

Daniel Pernas Beceiro, Santurce, P. R., for plaintiff.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

On December 16, 1968, this 37-year-old unskilled worker applied for disability insurance benefits under the Social Security Act. He claimed back injury and nervousness as disabling impairments. The Appeals Council adopted as correct the hearing examiner's decision and denied him the benefits requested. He has challenged the findings made by the examiner. Aware that judicial review is limited in these cases, the Court has examined the whole record to determine whether the substantial evidence standard has been met. It is not necessary to enter now into an account of the particular facts of this claim.

In his opinion the hearing examiner described plaintiff's mental condition as follows:

"Claimant's psychiatric disorder has been diagnosed as anxiety neurosis with depressive features, mild-moderate incapacity. The psychiatric reports do not show that the impairment has caused significant deterioration of behavior or emotional reactions, withdrawal from reality, delusious or hallucinations. There is no evidence that claimant has been incapable of communicating ideas, exercising judgment or adjusting to a competitive employment situation. In summary, the Hearing Examiner finds that the con-

stitutional features of claimant's psychiatric disorder, i. e. anxiety about his health and depression, are not of a level of severity which prevents him from performing the significant mental functions of reasoning and understanding. Although some degree of depression and anxiety has been described, the cardinal signs of severe depression such as psychomotor retardation, self-depreciatory ideation, anorexia and marked weight loss are not in evidence."

The medical reports obtained from the Arecibo Mental Health Center [1] reveal the existence of paranoid conditions and claimant's general practitioner indicated that plaintiff had hallucinations day and night. Paranoid reactions accompanied by falsifications of reality in the form of hallucinations or delusions are found in the category of mental impairments listed in the Social Security regulations, 20 C.F.R., § 404.1539. It is there established that "the severity of a mental psychiatric disorder should be evaluated on the basis of psychiatrists' reports and descriptions of daily activities." The examiner makes no mention of the findings of paranoid condition recorded in the hospital records. The psychiatrist who saw plaintiff once for a consultative examination simply referred to the fact that this man was "receiving psychiatric treatment at the Arecibo Mental Health Clinic." He was not familiar with claimant's past clinical history as reported in the hospital notes.

It is of course, undisputed that the resolution of conflicting medical evidence is within the examiner's exclusive province. However, I am faced with a situation where an important aspect of a claim has been disregarded to claimant's detriment. The record poses a serious question as to plaintiff's mental condition which requires that additional evidence be considered and a full psychiatric evaluation performed in order to complete an adequate record in establishing the degree of severity of the impairment.

Accordingly, this action must be and is hereby remanded to the Secretary of Health, Education and Welfare for the taking of evidence on the issue of plaintiff's psychiatric disorder.

---

1. Pages 93 and 94 containing these reports are barely legible. Efforts should be made to obtain a better copy on remand.