**Lorean DYER, Plaintiff,**

v.

**Elliot L. RICHARDSON, etc., Defendant.**

**Civ. A. No. 1088.**

United States District Court,
E. D. Tennessee,
Winchester Division.

June 8, 1972.

Ben P. Lynch, Lynch, Lynch & Lynch, Winchester, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., and Jerry Foster, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for judicial review of the decision of the defendant administrator, 42 U.S.C. § 405(g), denying the plaintiff's claim for disability benefits under the Social Security Act. 42 U.S. C. §§ 416(i), 423. Both parties have moved for summary judgment. Rule 56, Federal Rules of Civil Procedure.

The plaintiff initially filed an application for benefits under the act on March 17, 1970, alleging that she became unable to work on December 19, 1969, due to: " * * * hard of hearing, blind left eye, low blood pressure, asthma * * * ." The claim was denied initially and on reconsideration. A hearing was held on February 5, 1971, and the examiner denied the plaintiff's application on March 9, 1971. This became the final decision of the defendant administrator, when an appeals council denied the plaintiff's request for a review.

The hearing examiner found that:

1. the claimant, Mrs. Lorean Dyer, was born November 3, 1927 [sic: 1928] and meets the earnings requirement for a disability determination on the alleged onset date and at least through December 31, 1973;

2. the claimant has not established by substantial and persuasive evidence that she has any impairment or a combination of impairments which may be expected to last or which have lasted for as long as twelve months, and which have or can be expected to prevent all substantial gainful activity; and,

3. the record in this case does not establish that the claimant is unable

to engage in the previous job at which she was regularly employed prior to December 1969 by reason of any medically determinable impairments.

These findings are not supported by substantial evidence: Dr. William E. Fann, a psychiatrist, made the only psychiatric evaluation in the record of the claimant. He found:

\*    \*    \*    \*    \*    \*

*Diagnosis:*

1. Chronic anxiety reaction, severe, with some depression.

2. Deafness, unknown idiology.

*Prognosis:*

Prognosis for any improvement in her present mental state would be poor without therapy. However, she would probably be a poor candidate for therapy because of her background. \* \* \* If she has no physical cause of deafness this could possibly represent a conversion reaction. \* \* \*

\*    \*    \*    \*    \*    \*

Dr. George Copple, a vocational expert, testified at the hearing, after having had an opportunity to view the plaintiff under the stress of the hearing:

\*    \*    \*    \*    \*    \*

Q. Now, there is in the record, of course, doctor, an additional factor which you asked about just a moment ago and which I excluded from the assumption that you were just discussing. There is some evidence that there may be what one physician has described as an anxiety reaction with some depression, perhaps being manifested, in part at least, by some of the ostensible organic problems which we have observed. Does that factor in terms of its effect on her ability to carry on regularly and being manifest, if it is, by the hearing deficit and the visual problem, affect what she would be able to do in a vocational environment?

A. Yes, I think very strongly so.
\* \* \*

Q. Doctor, I understand that you're not a psychiatrist, but I also appreciate that your work has involved you with, I assume, a large number of persons over the years who are suffering from this kind of a condition, has it not?

A. Yes, sir, it has.

Q. Does this lady, in your opinion, exhibit what in the past you have described to be a severe psychoneurosis of a kind described by the medical evidence in this record?

A. Yes, I would probably add that there are heavy elements of inadequate personality. But the total impact, [in] psychological and psychiatric terms is much the same. The depressive features are seemingly rather striking to me.

Q. This lady apparently has only a third-grade education. I believe that's what we were told, can do no more than write her name, and although she can, has been able in the past, to carry on normal commercial transactions of one in her station. What is your impression of her intellectual capacity, based upon the file that you've seen and the information which we've had at the hearing today? Can you offer one based on that information?

A. I think one always has to be careful with the hard of hearing or the deaf or those who behave in that way because our tendency is to underestimate what they can do. Still, on the basis of educational level and what we do see in the record by which I am more impressed than what I actually see here and make my decision. I would think that borderline is about it.

Q. So that the resources in that area of the personality are not great?

A. They're not great. \* \* \* [A]ctually I know of nothing which would be more suitable

than what she has done. She knows this work and, in my judgment, *if she can do any work,* work of this kind is *as* suitable *as any.*

Q. I was about to ask, in other words, it is your opinion that if the lady is capable of working, she is *as* capable of working in her former job *as in* anything else?

A. I think so. * * * [emphasis supplied.]

▇▇ The plaintiff had the burden of proving her disability within the meaning of the act. 42 U.S.C. §§ 416(i), 423; Osborne v. Cohen, C.A. 6th (1969), 409 F.2d 37, 39[2]. The findings of the Secretary, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); King v. Celebrezze, C. A. 6th (1965), 341 F.2d 108, 109. "* * * We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. of New York v. National Labor Relations Board, [(1938)] 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian Enameling & Stamping Co., [(1939)] 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665. * * *" Consolo v. Federal Maritime Com. (1966), 383 U.S. 607, 619–620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131, 140–141 (headnote 9).

▇▇ Applying this criteria, there is no substantial evidence in this record to support the finding of the hearing examiner that the claimant has not established an impairment or that she is unable to engage in her previous job. There is no evidence that Mrs. Dyer is a malingerer. She started to work during World War II as a presser in the garment industry and continued in such occupation until December, 1969 at which time she claims her disability started. The psychiatric evidence is undisputed that Mrs. Dyer suffers from a substantial mental disorder with a poor chance of recovery even through therapy. "* * * Mental impairment alone may result in disability entitling the one suffering therefrom to disability benefits under the Social Security Act. * * *" Ross v. Gardner, C.A. 6th (1966), 365 F.2d 554, 558[4]. The medical evidence is further undisputed that Mrs. Dyer has lost the use of her left eye. Coupled to this must be the difficulties caused by her real or imagined lack of hearing. "* * * Employers are concerned with substantial capacity, psychological stability, and steady attendance; they will not unduly risk increasing their health and liability insurance costs. It is unrealistic to think that they would hire anyone with the impairments of this claimant. * * *" Thomas v. Celebrezze, C.A. 4th (1964), 331 F.2d 541, 546. "* * * It should also be remembered that the Act is concerned not with the average man of ordinary and customary abilities, but with the particular person who may claim its benefits; and the effect of the impairment upon that person with whatever abilities he has. * * * Therefore, the background, education, training and age of this particular applicant becomes pertinent to his undisputed physical and mental condition. * * *" Ellerman v. Flemming, D.C. Mo. (1960), 188 F.Supp. 521, 526[7]. In summary, this is not a case of the Secretary's resolving conflicting evidence, as is his right; but rather, it is a case of his ignoring the only psychiatric and vocational evidence in the record and substituting lay opinion in its place.

Where "* * * reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary. * * * In such a circumstance the courts are empowered either to modify or reverse the Secretary's decision 'with or without remanding the

cause for a rehearing.' 42 U.S.C. § 405(g). * * *" Thomas v. Celebrezze, *supra*, 331 F.2d at 543[3]. "* * * The test on remanding is whether more evidence is necessary to develop the facts necessary to determine the cause. * * *" Forbes v. Finch, D.C.Tenn. (1969), 307 F.Supp. 1000, 1005[11]. Here, the proof of the claimant's mental disorder is undisputed. After the long pendency of her claim, there appears to be no reason to remand for the taking of any further testimony. Sayers v. Gardner, C.A. 6th (1967), 380 F.2d 940, 955[11].

Judgment will enter, denying the defendant's motion for summary judgment, granting the plaintiff's motion for summary judgment, reversing the final decision of the defendant Secretary and remanding this action to him with direction to award Mrs. Dyer the disability benefits claimed. 42 U.S.C. § 405(c)(8); Rule 58(2), Federal Rules of Civil Procedure.