Anna M. COLLINS, etc., Plaintiff,

v.

Elliot L. RICHARDSON, etc., Defendant.

Civ. A. No. 2876.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 20, 1972.

James N. Hardin, Greeneville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., and Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a judicial review of the decision of the defendant administrator, 42 U.S.C. § 405(g), which denied the plaintiff Mrs. Collins a period of disability and disability benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. Both parties moved for a summary judgment. Rules 56(a), (b), Federal Rules of Civil Procedure.

The application of the plaintiff here involved was filed on December 2, 1970, in which Mrs. Collins claimed that she became unable to work, due to hardening of the arteries, on June 30, 1965. Such claim was finally decided adversely to the plaintiff on March 22, 1972. As conceded by both parties hereto, the issue for adjudication is whether there is substantial evidence herein to support the administrative decision that Mrs. Collins was not disabled within the purview of the Social Security Act at any time prior to June 30, 1967 when she last met the earnings requirement of the Act. Cf. Harrison v. Richardson, C.A. 6th (1971), 448 F.2d 638, 639 [1].

As a result of the hearing before an examiner, it was concluded on November 24, 1971 that Mrs. Collins was then suffering from " * * * a severe organic mental impairment. * * * " It was also conceded therein that the plaintiff had several lesser impairments, which were detailed in the examiner's opinion, prior to the last date she met such earnings requirement; however, the examiner concluded in this connection " * * * that singly or in combination these impairments did not impose limitations [on Mrs. Collins] sufficient to preclude [her] from engaging in her regular work. * * * "

There is abundant evidence in the record to support the finding of the examiner that Mrs. Collins suffers now from a severe organic mental impairment. A severe mental impairment is, of itself, sufficient to support an award of disability benefits. Ross v. Gardner, C.A.6th (1966), 365 F.2d 554, 558 [4]. The troublesome corollary question is whether there is substantial evidence in the record to support the administrative decision, that Mrs. Collins' conceded present mental impairment did not have its onset, sufficiently to constitute a disability within the meaning of the Social Security Act, while she was in an insured status. In this consideration, the Court " * * * must take into account whatever in the record fairly detracts from * * * " the weight of the evidence. Universal Camera Corp. v. National L. R. Bd. (1951), 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456, 467 (headnote 3).

The only medical evidence found in the record which undertakes to diagnose the onset of the plaintiff's mental impairment was in the form of the summary of an internist, Dr. Stanley E. Vermillion. His report of December 21, 1971 states:

* * * * * *

[Mrs. Collins'] medical records were reviewed at the request of [her husband and son]. The history of the disease at the present time is fairly well defined as that of brain syndrome, presenile dementia, moderate severity, slowly progressive. *The on-*

**1372**

*set of the disease,* of course, is very insidious and *dates back a number of years.* According to the son, husband, and a neighbor *she manifests symptoms undoubtedly relative to this disease process dating back as far as 1966.* A diagnosis could not be made at that time because of the relative difficulty in making this diagnosis. This diagnosis, of course, could only be made through careful neurological examinations and studies and *the onset can only be dated according to history.* From the medical standpoint, I feel that *this disease could well have begun in 1966 because of its slowly insidious nature. The diagnosis is often not made for three to six years after the onset.* [Emphasis supplied.]

\*     \*     \*     \*     \*     \*

Thus, although the medical opinion in the record is not that of a neurologist, the only medical evidence on this issue which might have formed a basis for the decision of the hearing examiner is to the effect that the disease which has now disabled Mrs. Collins had its onset while she remained in insured status under the Social Security Act.

█    It is true that the opinions of a medical expert are merely advisory, and that the question of a plaintiff's disability, being a factual issue, is to be resolved by the fact-finder; but, such opinions, so very persuasive in determining capability or disability, must not be rejected arbitrarily. Forbes v. Finch, D.C.Tenn. (1969), 307 F.Supp. 1000, 1004 [1]. Since the Social Security Act requires that the disability of a plaintiff result from a medically determinable physical or mental impairment, the plaintiff has no way of establishing her claim if her credible medical evidence is disregarded by the administrator. While the defendant Secretary has expertise in respect of some matters, he does not supplant the medical expert. McLaughlin v. Celebrezze, D.C.Tenn. (1965), 239 F.Supp. 802, 804. The administrative findings of the defendant Secretary on a claim for disability benefits, which are not supported by substantial evidence, will not be permitted to stand. *Ibid.,* 239 F.Supp. at 803. Substantial evidence such as is required to support an examiner's findings with respect to disability is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Ragan v. Finch, D.C.Tenn. (1969), 320 F.Supp. 567, 569 [1], affirmed C.A.6th (1970), 435 F.2d 239, certiorari denied sub nom. Ragan v. Richardson (1971), 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152.

█    It is difficult to assess what relevant evidence a reasonable mind might accept as adequate to support any conclusion, and it is even more difficult to appraise when such evidence may be accepted as adequate to support a conclusion concerning the onset of a mental infirmity. Involved here is the bare opinion of a physician whose specialty is not in the neurological field and who concedes that a diagnosis " \* \* \* could only be made through careful neurological examinations and studies \* \* \*." Such opinion was not stated on the basis of a reasonable degree of medical certainty. The hearing examiner, as the trier-of-the-facts, may well have concluded that the opinion of the internist was not based upon sufficient education or experience in the preferred specialty to be given sufficient weight to support a conclusion based thereupon. Opinion evidence, addressed to a statutory agency, even if entitled to some weight, has no such conclusive force that there is an error in law in the agency's refusing to follow it. See Sartor v. Arkansas Nat. Gas Corp. (1944), 321 U.S. 620, 628, 64 S.Ct. 724, 88 L.Ed. 967, 973. There is also the possibility that the hearing examiner reduced the weight of the physician's opinion, because it rested so greatly on statements made to him by the plaintiff, her husband and son, and their neighbor. This situation then involved the credibility of such statements. See IV Wigmore, Evidence (3d ed., 1940) 63–69, §§ 1718–1719.

■ The plaintiff bore the burden of proving that her impairments had resulted in a disability within the meaning of the Social Security Act at some time prior to June 30, 1967. *Cf.* Forbes v. Finch, *supra,* 307 F.Supp. at 1004 [2]; Osborne v. Cohen, C.A.6th (1969), 409 F.2d 37, 39 [2]. This Court does not believe that a reasonable mind would accept, as adequate to support a conclusion that the onset of Mrs. Collins' mental disease occurred after June 30, 1967, the negative aspects of the summary of the physician aforementioned. In other words, in the absence of all other expert medical opinion, it is believed that a reasonable mind would accept "the educated guess" on this issue of the only physician who expressed himself. This is not to say, however, that the ultimate decision of the defendant Secretary in this matter is erroneous and must be reversed as a matter of law. It is only to say that this Court will exercise its authority, 42 U.S.C. § 405(g), to remand this action to the Secretary for the taking of additional evidence on the critical issue. If the defendant's appeals council or hearing examiner is dissatisfied with the weight of the sole expression of medical expertise in the record, then the opinion of a neurologist should be obtained and considered before a final decision denying the plaintiff's claim is entered.

On such remand, consideration should be given to the fact that the plaintiff's employer released her from her regular employment " * * * in 1965 due to her inability to perform the duties of her employment. * * * " In that situation, less evidence is needed to support a factual finding that Mrs. Collins afterward was disabled from performing her regular work. See Walston v. Gardner, C.A.6th (1967), 381 F.2d 580, 586–587 [11].

Accordingly, this action hereby is remanded to the defendant Secretary for further administrative proceedings by the Social Security Administration. Thomas v. Celebrezze, C.A.6th (1964), 331 F.2d 541, 543 [3].