Evelyn FLORES, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 75–684.**

United States District Court,
D. Puerto Rico.

June 3, 1977.

Francisco R. González, Cayey, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the denial by the defendant, the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary), of her claim for a period of disability and disability insurance benefits.

The issue in the case herein is whether the final decision of the Secretary·is supported by substantial evidence on the record considered as a whole.

Plaintiff is a 36 year old woman who has a seventh grade education. She has worked primarily as a sorter, classifying tobacco leaves at a cigar factory. She alleges disability since 1966 due to a cervical disc dislocation and a nervous condition. Plaintiff has met the special earning requirements of the Act until September 30, 1970, and seeks judicial review after exhausting the administrative remedies available to her under the Act and Regulations.

The evidence on record can be summarized as follows:

(a) Regarding her cervical condition, there is evidence on record showing that she has been treated for pain and tenderness in the cervical region. On March 6, 1974, Dr. Héctor J. Cases, a neurologist, examined plaintiff but could find no objective evidence of nerve root compression. Dr. Cases' impression was that plaintiff suffered from chronic cervical muscle spasm. On November 26, 1974, Dr. Norberto Arbona, a neurologist, examined plaintiff and stated that the neurological examination was completely normal.

(b) Dr. Luis Aramburu, a general practitioner and plaintiff's treating physician, certified on January 14, 1974 that he had treated plaintiff since 1966 for what he diagnosed as a marked anxiety state with depressive component. Dr. Aramburu further stated that her condition had progressively worsened as of January 1974.

(c) On March 4, 1974, Dr. Pedro J. Durand, a psychiatrist, examined plaintiff and diagnosed manic depressive illness, circular type. The prognosis was guarded because she had been "decompensating to the psychotic level for the last nine (9) years". On a subheading of his report, which read "Onset of Present Illness", Dr. Durant stated specifically that it was "for the last nine (9) years".

(d) At the administrative hearing, Mr. José Medina Orta, a vocational expert, testified that, considering plaintiff's age, education, and job experience, *and exhibits until 1970*, there were occupational skills that she retained and could be transferred to specific jobs that were available.

At the hearing, plaintiff's behavior was characterized by a marked emotional stress which rendered her unable to testify. Also present at the hearing was plaintiff's husband, who stated that an application had not been filed earlier since plaintiff was under treatment and they were awaiting results of the same.

It is established that a claimant of disability benefits has the initial burden of proof to establish that he was unable to engage in a substantial gainful activity by reason of a physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months, and the existence of which can be medically determined at a time prior to the expiration of coverage. 42 U.S.C. §§ 416(i), 423(d); *Reyes Robles v. Finch*, 1 Cir., 409 F.2d 84 (1969).

Once a claimant of disability benefits has shown his inability to perform his previous work, then the Secretary has the burden of showing that claimant can engage in other forms of substantial gainful activity. *Reyes Robles v. Finch, supra; Hernández v. Weinberger*, 1 Cir., 493 F.2d 1120 (1974); *Burgos v. Secretary of HEW*, D.C., 355 F.Supp. 309 (1973); *Taylor v. Weinberger*, 4 Cir., 512 F.2d 664 (1975); *Wyatt v. Weinberger*, 4 Cir., 519 F.2d 1285 (1975). The test being whether a particular job is realistically within the physical *and mental capabilities* of a claimant, which means whether he can effectively perform the job on a similar level of continuity, stamina and efficiency as one who is not impaired to the same degree of severity. *Caraballo v. Secretary of HEW*, D.C., 346 F.Supp. 93 (1972); *Lebrón v. Secretary of HEW*, D.C., 370 F.Supp. 403 (1974); *Timmerman v. Weinberger*, 8 Cir., 510 F.2d 439 (1975).

When the Secretary is making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity there are four elements of proof to be considered: (1) medical data and findings; (2) expert medical opinion; (3) subjective complaints; and (4) plaintiff's age, educational background, and work history. *Gold v. Secretary of HEW*, 2 Cir., 463 F.2d 38 (1972); *De Paepe v. Richardson*, 5 Cir., 464 F.2d 92 (1972).

For a plaintiff to be disabled within the meaning of the Act, the alleged impairments must deprive him of his capacity for work to the extent that he is unable to engage in any substantial gainful activity. 42 U.S.C. §§ 416(i), 423(d); *Reyes Robles v. Finch, supra.*

The scope of judicial review comprised by Section 205(g) of the Act provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *González v. Richardson*, 1 Cir., 455 F.2d 953 (1972); *Torres v. Secretary of HEW*, 1 Cir., 475 F.2d 466 (1973). It is the Secretary's duty to consider the conflicting evidence on record and then proceed to make his own findings of fact. The district court is not to make additional findings of fact to supplement those made by the Secretary. *Richardson v. Perales, supra; Torres v. Secretary of HEW, supra.* In social security disability cases, it is for the Secretary to determine what weight should be given to particular items of evidence. *Miranda v. Secretary of HEW*, 1 Cir., 514 F.2d 996 (1975).

It is undisputed that an individual must establish that he was disabled before the termination of coverage; *Reyes Robles v. Finch, supra; Henry v. Gardner*, 6 Cir., 381 F.2d 191 (1967), cert. den. 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967); *Seals v. Gardner*, 5 Cir., 356 F.2d 508 (1966); *Vega v. Secretary of HEW*, D.C., 371 F.Supp. 553 (1970); *Laboy v. Richardson*, D.C., 355 F.Supp. 602 (1972); and that a condition which comes to be disabling after the date when a claimant last met the earning requirements of the Act cannot serve as basis for a finding of disability. *Sellars v. Secretary of HEW*, D.C., 331 F.Supp. 1103 (1971); *Taylor v. Ribicoff*, D.C., 204 F.Supp. 144 (1962); *Seals v. Gardner, supra; Vega v. Secretary of HEW, supra.* It was the Secretary's finding that:

"An evaluation of the medical evidence indicates that on or before September 30, 1970 the claimant had been treated for her nervous and cervical conditions. However, evaluating the medical evidence from a psychiatric point of view, it does not appear that by that date the claimant's condition had reached the stage where her activities were severely limited, interest restricted, personal habits deteriorated or abilities to relate with other people severely impaired. From a neurological point of view, the evaluations performed were within normal limits . . . ."

■ There is substantial evidence on the record to support the Secretary's finding that plaintiff's cervical condition was not so severe as to preclude her from engaging in any substantial gainful activity. But plaintiff's claim was also based on her mental condition, which if constituting a severe impairment, can be, of itself, sufficient to support an award of disability benefits. *Collins v. Richardson*, D.C., 356 F.Supp. 1370 (1972); *Franqui v. Secretary of HEW*, D.C., 325 F.Supp. 993 (1971); *Martis v. Secretary of HEW*, D.C., 329 F.Supp. 100 (1971); *Martinez v. Secretary of HEW*, D.C., 372 F.Supp. 402 (1973).

■ Plaintiff's mental condition and background demanded of the administrative law judge to act with extreme caution in order to provide plaintiff with a fair opportunity to prove that she was impaired within the requirements of the Act. *Alamo v. Richardson*, D.C., 355 F.Supp. 314 (1972); *Román v. Secretary of HEW*, D.C., 355 F.Supp. 646 (1972); *Cutler v. Weinberger*, 2 Cir., 516 F.2d 1282 (1975). Such caution was not exercised by the administrative law judge who relied on plaintiff's burden to prove her disability. While it is correct that plaintiff had the burden of proving that she was disabled prior to the expiration of coverage, such burden need not be carried to a point beyond reasonable doubt. *Torres v. Richardson*, D.C., 369 F.Supp. 1166 (1974).

■ Plaintiff's subjective complaints of a mental condition, which precludes her from working, was supported by the medical testimony of Dr. Aramburu and Dr. Durand. Therefore, there was sound basis for an award of disability. *Zambrana Domenech v. Secretary of HEW*, D.C., 370 F.Supp. 399 (1974); *Alvarado v. Weinberger*, 1 Cir., 511 F.2d 1046 (1975). The uncontroverted medical evidence established that plaintiff's mental condition existed on 1966. That a more precise and correct diagnosis was made some time following the end of period of entitlement should not preclude an award of disability. *Miller v. Weinberger*, D.C., 367 F.Supp. 456 (1973). Uncontroverted expert medical testimony may not be arbitrarily ignored by the *Secretary*. *Hassler v. Weinberger*, 7 Cir., 502 F.2d 172 (1974); *Klug v. Weinberger*, 8 Cir., 514 F.2d 423 (1975). And when the Secretary rejects uncontroverted medical opinion because the same is not binding on him on the ultimate issue, 20 CFR 404.1526, the Secretary must expressly state clear and convincing reasons for his doing so. *Day v. Weinberger*, 9 Cir., 522 F.2d 1154 (1975); *Hassler v. Weinberger, supra*. In the present case the Secretary has not given clear and convincing reasons why he rejected the only medical evidence on record, regarding plaintiff's mental condition, and which showed that the same was present as of the last date when the earning requirements were last met.

The Secretary erred in assuming that plaintiff's mental impairments corresponded to the degree of functional disability from a neurological point of view. *Hassler v. Weinberger, supra*. Such error was present on the hypothesis given to the vocational expert, wherein no express reference was made regarding her mental condition and in the aforecited finding by the Secretary.

In view of the foregoing, the Secretary's decision is hereby reversed for failing to comply with the substantial evidence rule, and the case is hereby remanded to the Secretary for proceedings consistent with this opinion.