George W. HILL, Plaintiff,

v.

Joseph A. CALIFANO, Jr.,
etc., Defendant.

No. CIV–4–77–1.

United States District Court,
E. D. Tennessee,
Winchester Division.

Oct. 14, 1977.

Floyd Don Davis and Jerre M. Hood, Winchester, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., by Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., Carl H. Harper, Jerry J. Wall, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for the judicial review of the final decision of the defendant Secretary, 42 U.S.C. § 405(g), denying the plain-

tiff's claim for disability health insurance benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. The defendant moved for a judgment on the pleadings. Rule 12(c), Federal Rules of Civil Procedure. The plaintiff moved for a summary judgment. Rule 56(a), Federal Rules of Civil Procedure.

The plaintiff filed an application for such benefits on August 8, 1975, alleging that he first became unable to engage in substantial work on April 1, 1975 due to heart trouble, gall-bladder problems, and a hernia in his stomach. The claim was denied initially and on reconsideration. An administrative law judge also denied the application on August 25, 1976. This became the final decision of the defendant Secretary when it was approved by an appeals council.

The administrative law judge found, *inter alia*:

\* \* \* \* \* \*

2. Mr. Hill suffers from angina pectoris and a large ventral hernia. He had gall bladder surgery, but recovered from this in substantially less than 12 months. A visual impairment is correctable with glasses.

3. The [plaintiff's] impairments, even in combination, do not prevent him from performing in many types of cashier or other sedentary jobs. These jobs exist in substantial numbers in the national economy.

4. The [plaintiff] has not been and cannot be expected to be prevented from engaging in substantial gainful activity for any consecutive 12 month period beginning prior to the date of this decision.

\* \* \* \* \* \*

 Such findings by the Secretary are conclusive if they are supported by substantial evidence in this record. *Wokojance v. Weinberger,* C.A. 6th (1975), 513 F.2d 210, 212[3]. This Court may only determine whether the Secretary's decision is based upon such evidence. *LeMaster v. Weinberger,* C.A. 6th (1976), 533 F.2d 337, 339[1]; *Ingram v. Richardson,* C.A. 6th (1972), 471

F.2d 1268, 1271[4]. " \* \* \* We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co. v. Labor Board* [1938], 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' *Labor Board v. Columbian Enameling & Stamping Co.* [1939], 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665. \* \* \* " *Consolo v. Federal Maritime Com.* (1966), 383 U.S. 607, 619–620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131, 140–141[9]. Applying these criteria, there is not substantial evidence in this record to support the findings of the Secretary that the plaintiff Mr. Hill was not under a disability as defined by the aforecited act.

The plaintiff was born on February 22, 1923 and completed 6 grades in school. His last employment was from 1972 to April 1, 1975, as a self-employed operator in a grocery-store. Prior to 1972 he worked as a farmer and laborer. On the date of the administrative hearing herein, Mr. Hill was married with no minor children living at home. The plaintiff claims an onset of disability as a result of a gall-bladder attack as well as stomach and heart problems.

Mr. Hill was admitted in June, 1975 to a hospital as a result of chronic cholecystitis with cholelithiasis. A cholecystectomy was performed upon him there by Dr. Gerald Johnson, a general surgeon. His recovery was complicated by the development of pneumonia and a possible pulmonary embolus. He made a subsequent dramatic improvement. Mr. Hill was last examined by Dr. Johnson on August 2, 1975, at which time his blood pressure was recorded at 160/80. He had very little chest pain on that date and was doing well.

Dr. Dewey Hood, a general practitioner, reported on April 21, 1976 that he had treated the plaintiff for approximately one year. He stated that Mr. Hill was suffering from angina pectoris and a hernia. In his opinion the plaintiff was not capable of

engaging in any substantial employment, and that this condition could be expected to last for a continuous period of at least 12 months.

Dr. Johnson reported on July 17, 1976 that Mr. Hill had a large ventral hernia which, in his opinion, was disabling. Dr. Johnson was reluctant to repair the hernia because of the plaintiff's cardiac condition.

At the administrative hearing, Mr. Hill testified that he had been receiving benefits from a disability insurance policy since August 6, 1975. On such date, he had suffered a "heart attack" but did not require hospitalization. He said his normal daily activities included walking to his store and "sitting-around" for an average of 3 hours daily. He said he then returned home to rest. He said he is required to wear a full-body girdle as a result of his hernia problem. He claimed no exertional activities at his store or in and around his home.

Mr. Hill testified that he is unable to lift anything heavy at the store, but that he might be able to pick-up a pack of cigarettes or a loaf of bread. He claimed also that he is able to operate a cash register.

Mrs. Wilma Jean Hill, the plaintiff's wife, testified that she operates the grocery store with the help of her daughters-in-law and sons. Mrs. Hill said that, since the onset of his physical impairments, Mr. Hill has not waited on customers or done any other work while there. Mrs. Hill testified that, during his visits to the store, Mr. Hill does nothing but "sit-and-talk".

The administrative law judge concluded that:

\* \* \* \* \* \*

The evidence establishes that Mr. Hill is capable of at least sedentary work. The [plaintiff] stated that he could operate a cash register and sell light objects. However, the testimony at the hearing indicates that he might not be able to stand for a full eight hour day. He would therefore not be able to do some cashiering jobs, such as at a supermarket. Nevertheless, he could still be a cashier in

a number of other settings in which he could sit or stand at will. I take judicial notice that sedentary jobs within the claimant's capabilities exist in substantial numbers in the national economy. Mr. Hill is therefore able to perform substantial gainful activity.

\* \* \* \* \* \*

The burden was on Mr. Hill to prove his entitlement to disability health insurance benefits. *Garrett v. Finch,* C.A. 6th (1970), 436 F.2d 15, 18[2]; *Osborne v. Cohen,* C.A. 6th (1969), 409 F.2d 37, 39[2]. However, the Social Security Act is remedial in nature, and a liberal construction in favor of disability is required if such is reasonably made-out. *Combs v. Gardner,* C.A. 6th (1967), 382 F.2d 949, 956[7].

The medical evidence contained in the administrative record consisted of the reports of the plaintiff's impairments by two of his treating physicians, both of whom were of the opinion that Mr. Hill was disabled. Of course, the opinion of a physician as to the plaintiff's disability is not conclusive of such ultimate issue but must be considered and weighed by the Secretary along with other contrary respectable opinions. *Halsey v. Richardson,* C.A. 6th (1971), 441 F.2d 1230, 1236.

Although medical opinions regarding disability are merely advisory, they are persuasive in determining disability and must not be rejected arbitrarily. *Forbes v. Finch,* D.C.Tenn. (1969), 307 F.Supp. 1000, 1004[1]. A physician's testimony regarding the plaintiff's disability, if not repudiated by any substantial evidence to the contrary, is not to be set aside lightly. *Miller v. Weinberger,* D.C.Tenn. (1973), 367 F.Supp. 456, 458[3]. While the Secretary may have expertise of some matters, he does not supplant the medical expert. *Hall v. Celebrezze,* C.A. 6th (1963), 314 F.2d 686, 690. Thus, " \* \* \* where there is medical proof of disability, the government cannot deny disability without some *medical* [emphasis provided] opinion that in fact that claimant is capable of gainful employment. \* \* \* " *O'Bryan v. Weinberger,* C.A. 6th (1975), 511 F.2d 68, 69–70[1].

██ The administrative law judge placed reliance upon one portion of the record * to the complete disregard of overwhelming evidence to the contrary. Under those circumstances, the findings of the Secretary are not supported by substantial evidence. See *Miracle v. Celebrezze,* C.A. 6th (1965), 351 F.2d 361, 373[3]; *Dyer v. Richardson,* D.C.Tenn. (1972), 347 F.Supp. 478, 481–482[4].

██ This Court, thus, can either modify or reverse the Secretary's decision " * * * with or without remanding the cause for a rehearing. * * * " 42 U.S.C. § 405(g). The test, as to whether a remand is appropriate, is whether more evidence is required to develop the facts necessary to determine the cause. *Dyer v. Richardson, supra,* 347 F.Supp. at 482[4]. Since the proof herein of the plaintiff's disability is overwhelming, there appears to be no good reason to remand this action for taking of additional testimony. See *Sayers v. Gardner,* C.A. 6th (1967), 380 F.2d 940, 955[11].

The pleadings and exhibits showing that the plaintiff is entitled to a judgment as a matter of law, the defendant's motion for a judgment on the pleadings hereby is DENIED, and the plaintiff's motion for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Interlocutory judgment will enter, reversing the final decision herein of the defendant and remanding this case to the Secretary, with instructions to award the plaintiff the disability insurance benefits for which he has established his eligibility. Rule 58(1), Federal Rules of Civil Procedure.

Immediately upon its determination, the Secretary will report to the Court the aggregate amount of past-due disability insurance benefits paid and payable to the plaintiff. Thereupon, counsel of record for the plaintiff will file with the Court a detailed itemization of the time they have expended and the reasonable expenses they have incurred in representing the plaintiff in this Court. Entry of a final judgment herein will await the determination and allowance by the Court of a reasonable fee for the services rendered herein by the attorneys for the plaintiff. 42 U.S.C. § 406(b).

---

* The assumptions of the administrative law judge, that the plaintiff was capable of performing sedentary work, and that there were sedentary jobs within his capabilities in substantial numbers in the national economy, have been previously discussed herein.